UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. RAEVON TERRELL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00697 SPM |
| ) | |
| DOUGLAS BURRIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. On May 12, 2025, plaintiff Raevon Parker filed a complaint in this matter. [ECF No. 1]. Plaintiff alleges ineffective assistance of counsel in his pending state criminal case, as well as prosecutorial and judicial misconduct.[1] *State v. Raevon Terrell Parker*, No. 2322-CR02340-01 (22nd Jud. Cir. 2024). *Id*. He also alleges that when he sought to vindicate his rights in both state and federal court, defendants failed to "administer justice," even though they were "aware of his innocence." He seeks dismissal of his state charges, return of his seized property and damages. *Id*.

It is unclear whether plaintiff intends to pursue his claims as a civil rights action under 42 U.S.C. § 1983 or as a basis for habeas relief under 28 U.S.C. § 2241.[2] In either case, the pleading provided by plaintiff is deficient because he has submitted a "mixed petition" in this matter. In other words, in his "Request for Relief," he seeks both damages and dismissal of his state charges.

---

[1] Plaintiff sues the Interim Commissioner for the St. Louis City Justice Center, three District Judges in the United States District Court for the Eastern District of Missouri, two St. Louis Circuit Judges, a former St. Louis City Prosecutor, and his current Missouri Public Defender.

[2] *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pre-trial habeas petitions are properly brought under § 2241).

Dismissal of criminal charges is a remedy only found in habeas corpus, whereas damages can only be attained in a civil action.

For this reason, the Court will require plaintiff to file an amended pleading on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms[.]"). Also, because plaintiff has neither paid the required filing fee nor sought leave to proceed without doing so, he will be required to submit either the full filing fee or a motion to proceed in forma pauperis.

If plaintiff intends to pursue his claims under § 1983, he shall pay the $405 filing fee or submit a fully completed motion to proceed in forma pauperis along with a certified copy of his St. Louis City Justice Center "trust fund account statement (or institutional equivalent)" for the six months immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). If he intends to pursue his claims under § 2241, he shall pay the $5 filing fee or submit a fully completed motion to proceed in forma pauperis (Habeas Cases). Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff the following forms: Prisoner Civil Rights Complaint under 42 U.S.C. § 1983, Application to Proceed in District Court without Prepaying Fees or Costs, Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff shall file an amended pleading on the appropriate form.

**IT IS FINALLY ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff shall either pay the applicable filing fee or file an appropriate request to proceed without

prepaying the fee, in accordance with the instructions herein. If plaintiff moves to proceed in forma pauperis, he must file a copy of his certified account statement for the six months immediately preceding the filing of his complaint within twenty-one (21) days of the date of this Order.

Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 19th day of May, 2025.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE